ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                    Chapter 11

**DEFINITIONS PRIVATE TRAINING**                          Case No: 17-10848 (JLG)
**GYMS, INC.,**
                            Debtor.
-------------------------------------------------------X

## DECLARATION OF JOSEPH BARRON
## IN SUPPORT OF ASSUMPTION OF DEBTORS' LEASES

Joseph Barron, declares as follows:

1. I am the President of Definitions Private Training Gyms, Inc. (the "Debtor").

2. I am submit this declaration ("Declaration") at the direction of the Court and in support of the Debtor's assumption of (a) its lease dated October 7, 2003 with 133 E. 58th Street LLC, pursuant to the Order Authorizing Debtor to Assume Unexpired Lease of 133 E. 58th Street LLC (the "133 E. 58th Street Lease Assumption Order") and (b) its lease dated December 19, 2003 with 17-19 Associates pursuant to the Order Authorizing Debtor to Assume Unexpired Lease of 17-19 Associates LLC (the "17-19 Associates Lease Assumption Order").

3. Except as otherwise set forth herein, the facts set forth in this Declaration are based on my personal knowledge and my review of the relevant documents.

4. Pursuant to the 133 E. 58th Street Lease Assumption Order and the 17-19 Associates Lease Assumption Order, the Debtor is required to make certain monetary cure payments. As was represented to the Court, the initial funds used to make the first monetary

cure payments due under the 133 E. 58th Street Lease Assumption Order and the 17-19 Associates Lease Assumption Order were to be raised by the Debtor's shareholders and did not come from property of the Debtor's estates.  Accordingly, I declare that these funds are to be considered capital contributions by the Debtor's shareholders and are not to be considered as either a loan to the Debtor or as an administrative expense incurred by the Debtor with respect thereto.

5. Future monetary cure payments, to the extent they are not made from the Debtor's operations, will also be raised by the Debtor's shareholders and will also be considered capital contributions and not a loan or administrative expense.

I declare under penalty of perjury that the foregoing, and in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on November 30, 2017

/s/ Joseph Barron
Joseph Barron